8130

JENNIE SULLIVAN

WIDOW J. R. MAYOL

 VS No. 8130

AMALGAMATED ASSN. OF STREET

AND ELECTRICAL RAILWAY EMPLOYEES.

December 12th, 1921.

Court of Appeal.
PARISH OF ORLEANS
FILED DEC 12/21
Stanship

JENNIE SULLIVAN
WIDOW JAMES R. MAYOL

 VS No. 8130.

AMALGAMATED ASSN. OF STREET
AND RAILWAY EMPLOYEES OF A'a.

CHARLES F. CLAIBORNE, JUDGE.

 The plaintiff claims from the defendant a death benefit
of $800. She avers that her husband was a member in good stand-
ing of the defendant Association up to the time of his death;
that her husband died by accident on June 23d, 1918; that under
the Constitution of the defendant she is entitled to a benefit
of $800 which the defendant refuses to pay to her.

 The defendant denied all the allegations of plaintiff's
petition and

> "specially denies, if said allegations are true, that
> James E. Mayol, husband of plaintiff was entitled to re-
> ceive, at the time of his death, or his widow, after his
> death, any of the benefits provided under the Constitu-
> tion and by-laws of respondent Association, for the rea-
> son that respondent alleges that the said James E. Mayol
> was a Boylan Policeman at the time he met his death, and
> that the engaging in the said character of work, forfeit-
> ed his rights, if any he had, to the benefits of the
> Association".

 Upon the trial of the case, evidence was introduced for
the purpose of showing that the plaintiff's husband had committed
suicide. Assuming that the evidence established a case of suicide,
the defendant argued that this fact precluded the plaintiff from
recovery.

142

There was judgment for the plaintiff and the defendant has appealed.

We do not find the evidence sufficient to establish suicide. Only one witness testified in relation to it. He was a motorman. His car stopped to allow the passing of the steam cars on Elysian Fields. He says:

> "I looked ahead and saw James Mayol standing by the electric pole, telegraph pole. Just a little while after, the train came, he moved towards the track, and he took a stooping position this way, looking under, and I saw him plunge forward, just as the rear truck - I don't remember whether it was the first or second coach; I do know it was the rear truck;he plunged forward and just about that far from his body was caught and was rolled almost across the street";

he was 75 or 100 feet from the train.

The burden of proof is necessarily upon the defendant to establish with certainty a case of suicide"to the conclusion of every other reasonable hypothesis;" the presumption is against suicide. 26 A. 404; 33 A. 1353; 46 A. 1189; 48 A. 1204; 49 A. 640; 51 A. 1251; 105 La. 202.

The testimony mentioned above does not exclude every other theory of accidental death. Something might have attracted his attention upon the track, and while stooping to look at it, he might have slipped, or he might have approached the car too closely and been caught and dragged by it. The love of life is so strong and the cases of suicide are so rare and unnatural that proof of it must be conclusive. No motive or previous intention was shown.

The defense relies upon Sections 84 and 92 of the Constitution and By-Laws of the defendant. They read as follows:

> Sec. 84 - "Members retiring from street and electric railway service and desiring to retain their membership in this association, shall have the right to do so x x x

143

Upon benefits they will be entitled to death benefits where death occurs from natural causes, but will not be entitled to death benefits occurring from accidents in other lines of employment".

Sec. 92 - "No death or disability claim shall be allowed or paid to a member or any beneficiaries of members whose death or disability has been caused while on duty as a soldier, volunteer militiaman, policeman, City fireman, or to any member being injured or killed while engaged in any other line of employment, except that of street and electric railway work in some department where the member is eligible to membership under this Constitution and the laws of this Association".

These two sections must be construed together.

The testimony is that James R. Mayol, at the time of his death and for many years prior thereto, was employed as a policeman, by the Boylan Police; that at the moment he was overtaken by death, at about three o'clock in the evening

"He had just left home going to work in the evening just after having his supper".

Of course, any provision in the by-laws or Constitution excluding a member from participating in benefits must be strictly construed. In the case of Schroeder No. 8065 of this Court, we said:

"We interpret it (Sec.92) however, to mean that no death claim shall be paid to the beneficiary of any member whose death has been caused, by any agency or under any circumstances while performing the duties of a soldier, and other dangerous occupations mentioned; nor shall any member be entitled to a benefit who shall have been injured or killed while engaged in any other line of employment than that of street and electrical railway

144

work. In simpler words, a member forfeits benefits absolutely while on duty as a soldier, while he forfeits benefits during employment otherwise than in railway work only if he be injured or killed in that other employment" while so employed. We adhere to that interpretation. We have not found that Mayol was killed "while performing the duties" of a policeman, or"while engaged in any other line of employment". He was killed before he went on duty and before he was engaged in other employment. He was going to work, and had not reached his place of work and had not then actually begun work. His duty or employment did not begin at the time he left his home, but only at the time he reached his place of work and began work, for it was only then that the greater or foreign risk began. We read on page 78 of the Corpus Juris Workman's Compensation Acts pamphlet:

"An accident befalling the workman on his way to or from work cannot be held to arise out of the employment, where he has not yet come within, or has left, the sphere of his employment. x x x So where an injury arises out of the character of the way to or from the employment, which is not under the employer's control, it does not arise out of the employment &c".

The judgment of the District Court was in favor of plaintiff and it is affirmed.

December 12th, 1921.